UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-6605-MWF-E | Date:  October 17, 2019 |
| Title:    Brian Whitaker v. Tesla Motors, Inc., et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER RE: MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) [13]

Before the Court is Tesla Motors, Inc.'s ("Tesla") Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6) (the "Motion"), filed on August 27, 2019.  (Docket No. 13).  Plaintiff Brian Whitaker filed an Opposition on September 16, 2019.  (Docket No. 19).  Tesla filed a Reply on September 23, 2019.  (Docket No. 20).

The Court has read and considered the papers filed on the Motion, and held a hearing on October 17, 2019.

For the reasons discussed below, the Motion is **GRANTED *with leave to amend*** because Plaintiff did not plead the barrier he encountered with any specificity.  Plaintiff alleges he encountered a "counter" but does not state why the counter was inaccessible to him.

In light of the failure to state a claim, the Court does not address its supplemental jurisdiction over the Unruh Act claim.

**I.    BACKGROUND**

On July 30, 2019, Plaintiff commenced this action.  (*See generally* Complaint (Docket No. 1)).  The following facts are based on the Complaint, which the Court assumes are true and construes any inferences arising from those facts in the light most favorable to Plaintiff.  *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 19-6605-MWF-E | **Date:** October 17, 2019 |
| **Title:** Brian Whitaker v. Tesla Motors, Inc., et al. | |

review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Plaintiff is a "California resident with a physical disability" and "is a quadriplegic" who "uses a wheelchair for mobility." (*Id.* ¶ 1). Tesla owned the dealership located at or about 14006 Riverside Drive, Sherman Oaks, California, in July 2019 and currently owns the dealership (the "Dealership"). (*Id.* ¶¶ 2-3). The Dealership is open to the public. (*Id.* ¶ 9).

Plaintiff went to the Dealership in July 2019 with the intention to avail himself of its goods and services, motivated in part to determine if Defendants comply with the disability access laws. (*Id.* ¶ 8). According to Plaintiff, service counters are one of the facilities, privileges, and advantages offered by Defendants to patrons of Tesla. (*Id.* ¶ 10). However, on the date of his visit, Tesla "failed to provide accessible service counters," which Plaintiff personally encountered. (*Id.* ¶¶ 11, 13). Tesla's putative failure caused Plaintiff difficulty and discomfort. (*Id.* ¶ 15). Moreover, the barriers identified above are easily removed without much difficulty or expense, and there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable. (*Id.* ¶¶ 17-18).

Tesla currently still fails to provide accessible service counters. (*Id.* ¶ 12). This failure has deterred Plaintiff from returning to the Dealership, because of his knowledge of the existing barriers and his uncertainty about the existence of other barriers on the site. (*Id.* ¶ 18). But once Tesla has represented to him that the Dealership and its facilities are accessible, Plaintiff will return to avail himself of its cars and to determine compliance with the disability access laws. (*Id.*).

Plaintiff further alleges that "on information and belief, that there are other violations and barriers on the site that relate to his disability." (*Id.* ¶ 19). Plaintiff promises to "amend the complaint [and] . . . provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection." (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 19-6605-MWF-E | Date:  October 17, 2019 |
| Title:     Brian Whitaker v. Tesla Motors, Inc., et al. | |

Plaintiff's Complaint asserts two claims for relief: (1) violation of the ADA; and (2) violation of California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code § 51 *et seq.*  (*Id.* ¶¶ 20-30).

## II.    REQUEST FOR JUDICIAL NOTICE

In conjunction with the Motion, Tesla requests that the Court take judicial notice of the fact that Plaintiff has filed 276 complaints in the Central District of California since January 1, 2019.  (*See* Request for Judicial Notice ("RJN") (Docket No. 14)). The Court may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Court concludes that the requested fact comes from public records. However, the Court does not rely on this fact in order to rule on the Motion. Accordingly, the Court **DENIES** the RJN *as moot*.

## III.    MOTION TO DISMISS

### A.    Legal Standard

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-6605-MWF-E                                  Date:  October 17, 2019
Title:     Brian Whitaker v. Tesla Motors, Inc., et al.

complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible."  *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

### B.  Discussion

Tesla first argues that the Complaint should be dismissed because the Complaint fails to "identify how any of the alleged violations threaten[] to deprive [Plaintiff] of full and equal access due to his disability if he were to return . . . or how any of them deter him from visiting the Store due to his disability."  (Motion at 4) (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 955 (9th Cir. 2011)).

Specifically, Tesla points to the Complaint's failure to allege anything specific other than that the Dealership "failed to provide accessible service counters."  (*Id*. at 5).  Tesla argues that this allegation fails to explain which counter was actually deficient, the manner in which the counter(s) were deficient, and actually failed to "provide any factual allegations that would permit Defendant to know how or why its counters supposedly denied Plaintiff access."  (*Id*.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-6605-MWF-E                                      **Date:**  October 17, 2019
**Title:**     Brian Whitaker v. Tesla Motors, Inc., et al.

    In opposition, Plaintiff argues that he has met the requisite pleading standard under *Twombly* and *Iqbal*.  (Opposition at 4-10).  Specifically, Plaintiff argues that he only has to plead five elements to state a claim under the ADA and the Unruh Act:

- That Plaintiff is disabled;

- that Tesla's Dealership is a "place of public accommodation" and thus governed by the ADA;

- that Tesla is the responsible party;

- that the Dealership contains an easily removed barrier that the Defendants failed to remove;

- that Plaintiff actually encountered this barrier; and

- that the barrier continues to impact Plaintiff because either he will return and face it again or he is being deterred from returning because of his knowledge of the barrier.

(*Id*. at 5).  Plaintiff argues he has adequately pled each element.  (*Id*. at 5-8).  As for the barrier, the only element Tesla argues is insufficiently pled, Plaintiff argues that his allegation that Tesla "failed to provide accessible service counters" is sufficient to plead this element.  (*Id*. at 6-7).

    At the hearing, the parties did not raise any additional arguments.

    The Court agrees with Tesla.  Even if Plaintiff's allegation about the "service counter" at the Dealership was sufficient to put Tesla on notice as to ***which*** barrier Plaintiff encountered, Plaintiff offers no allegation as to ***how*** that barrier prohibited Plaintiff from lawful access.  The Complaint does not state that the counter was too high, that the counter was not in a place that had wheelchair access, or that the counter was non-accessible for some other reason.  Plaintiff must do more to put Tesla on notice than merely state a "service counter" at the Dealership created a barrier.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 19-6605-MWF-E                                    **Date:**  October 17, 2019
**Title:**    Brian Whitaker v. Tesla Motors, Inc., et al.

Plaintiff's argument about pleading the elements is inconsistent with the entire reasoning of *Twombly* and *Iqbal*.

Under California law, an ADA violation constitutes a violation of the Unruh Act and a violation of the Disabled Persons Act.  *See* Civ. Code § 51(f); Civ. Code § 54.1(d).  Because Plaintiff has not adequately alleged a violation of the ADA, he also has not adequately alleged a violation of the Unruh Act.  *See Phillips v. P.F. Chang's China Bistro, Inc.*, No. 5:15-CV-00344-RMW, 2015 WL 4694049, at *7 (N.D. Cal. Aug. 6, 2015) (granting "the motion to dismiss the Unruh Act claim based on an ADA violation" when plaintiff failed to state a claim under the ADA).

Plaintiff indicated in his Complaint that he is prepared to amend to provide "proper notice" to Tesla.  Accordingly, the Motion is **GRANTED** *with leave to amend*.  Plaintiffs may file a First Amended Complaint ("FAC") on or before **October 31, 2019**.  Tesla shall file a response to the operative complaint, be it the FAC or the Complaint, by no later than **November 14, 2019**.

IT IS SO ORDERED.