CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Elliott Montgomery, Esq., SBN 279451
8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
elliottm@potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Brian Whitaker**,<br><br>　　　Plaintiff,<br><br>　v.<br><br>**Tesla Motors, Inc.,** a Delaware Corporation; and Does 1-10,<br><br>　　　Defendants. | **Case No.** 2:19-cv-06605-MWF-E<br><br>**Plaintiff's Opposition to Defendant's Second Motion to Dismiss**<br><br>**Date:**　December 16, 2019<br>**Time:**　10:00 a.m.<br>**Ctrm:**　5A<br><br><br>**Hon. Michael W. Fitzgerald** |

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................4

   I.   Preliminary Statement ........................................................4

   II.  The Complaint is sufficiently pled.......................................4

   III. Defendant demands a level of specificity and detail in the
         Complaint that is not required. ......................................8

   IV. There is no basis for the court to decline supplemental
         jurisdiction over the Unruh claim...............................15

     A.  Plaintiff is not forum shopping (and it would not be
            inappropriate if he were) and there is no legitimate basis
            to decline supplemental jurisdiction ...................................16

   V.  CONCLUSION ...............................................................18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### TABLE OF AUTHORITIES

**Cases**

*Alvarez v. Hill,*
    518 F.3d 1152 (9th Cir. 2008) ................................................................11

*Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*
    603 F.3d 666 (9th Cir. 2010) ...................................................................5

*Cal. Dep't of Water Res. v. Powerex Corp.,*
    533 F.3d 1087 (9th Cir. 2008) ...............................................................15

*Chapman v. Pier 1 Imports (U.S.) Inc.,*
    631 F.3d 939 (9th Cir. 2011) ...................................................................5

*City of Chicago v. Int'l College of Surgeons,*
    522 U.S. 156 (1997) ...............................................................................15

*City of Chicago v. Mills,*
    204 U.S. 321 (1907) ...............................................................................16

*Erickson v. Pardus,*
    551 U.S. 89 (2007) ...................................................................................9

*Executive Software N. Am., Inc. v. U.S. Dist. Court for the N. Dist. of Cal.,*
    24 F.3d 1545 (9th Cir. 1994) .................................................................15

*Griffin v. Cedar Fair, L.P.,*
    817 F. Supp. 2d 1152 (N.D. Cal. 2011) ............................................. 9, 10

*Hernandez v. Polanco Enterprises, Inc.,*
    19 F. Supp. 3d 918 (N.D. Cal. 2013)................................................. 12, 13

*In re Aircrash Disaster Near Roselawn, Indiana on October 31, 1994,*
    909 F. Supp. 1083 (N.D. Ill. 1995) ........................................................16

*Keeton v. Hustler Mag., Inc.,*
    465 U.S. 770 (1984) ...............................................................................17

*Kuba v. 1-A Agr. Ass'n,*
    387 F.3d 850 (9th Cir. 2004)..................................................................15

2

*Moeller v. Taco Bell Corp.*
    816 F.Supp.2d 831 (N.D. Cal. 2011)............................................................5

*Pinnacle Armor, Inc. v. United States,*
    648 F.3d 708 (9th Cir. 2011)........................................................................14

*Sharp v. Islands California Arizona LP,*
    900 F. Supp. 2d 1101 (S.D. Cal. 2012)................................................. 11, 12

*Swierkiewicz v. Sorema N.A.,*
    534 U.S. 506 (2002) ......................................................................................9

*Wheeler v. City & Cty. of Denver,*
    229 U.S. 342 (1913)....................................................................................16

*White v. Save Mart Supermarkets,*
    2004 WL 3619128 (E.D. Cal. Apr. 26, 2004) ...........................................14

*White v. Wisco Restaurants, Inc.,*
    2018 WL 1510611 (S.D. Cal. Mar. 27, 2018) ...........................................18

**Statutes**

28 U.S.C. § 1367 ..............................................................................................7

28 U.S.C. § 1367(c) .........................................................................................8

42 U.S.C. § 12183(a)(2) ..................................................................................2

42 U.S.C. §§ 12183(a)(2) ................................................................................2

Cal. Gov't Code § 8299....................................................................................12

1
2
3

### MEMORANDUM OF POINTS AND AUTHORITIES

4
5

### I.   Preliminary Statement

6     Plaintiff, who suffers from a C-4 spinal cord injury, filed the instant claims
7  against the defendant because the business failed to provide accessible service
8  counters. Defendant moved for dismissal of the complaint on the basis that
9  Whitaker fails to state a claim. Dkt. 13. This Court granted Defendant's motion
10  with leave for Plaintiff to amend by filing a First Amended Complaint providing
11  Defendant with "notice as to *which* barrier Plaintiff encountered" and "*how* that
12  barrier prohibited Plaintiff from lawful access" by October 31, 2019. Dkt. 23.
13  When Plaintiff did not file a First Amended Complaint by October 31, Defendant
14  filed a Second Motion to Dismiss. Dkt. 24.

15     While Plaintiff is grateful to the Court for granting leave to file a First
16  Amended Complaint, he respectfully declines to do so. Plaintiff stands by his
17  position that the Complaint contains all the necessary factual allegations to
18  support a claim and is sufficiently pled.

19
20

### II.   The Complaint is sufficiently pled.

21     A complaint must contain "a short and plain statement of the claim
22  showing that the pleader is entitled to relief," and give "the defendant fair notice
23  of what the . . . claim is and grounds upon which it rests" in compliance with Rule
24  8(a) of the Federal Rules of Civil Procedure. In order to determine whether a
25  pleading contains the necessary allegations, a party must understand what
26  constitutes a viable claim under the cause of action pled.

27     Here, Whitaker's claims are based on Title III of the ADA. To succeed on
28  a Title III ADA architectural barrier claim, "a plaintiff must show that: (1) he is

Opposition to Motion to Dismiss                           2:19-cv-06605-MWF-E

disabled . . . (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations" because of his disability.[1] "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards."[2] This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities"[3] and, where there are no alterations, "a failure to remove architectural barriers...in existing facilities...where such removal is readily achievable."[4]

Thus, the following is a simplified statement of the elements necessary for Whitaker to allege under this section: (: (1) Plaintiff must be disabled[5], (2) the facility must be a place of "public accommodation,"[6] (3) the defendants must be responsible parties, i.e., owners, operators, lessors or lessees[7], (4) the facility must have barriers that the defendants failed to remove[8], and (5) the plaintiff must have actually encountered this non-removed and unlawful barrier and have reason to continue to be aggrieved, i.e., standing to seek its removal.[9] As demonstrated by the table below, Plaintiff has made all the necessary factual allegations necessary to state a claim.

---

[1] *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

[2] *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) *citing, Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011)

[3] 42 U.S.C. § 12183(a)(2)

[4] 42 U.S.C. § 12182(b)(2)(A)(iv)

[5] 42 U.S.C. § 12182(a)

[6] *Ibid*.

[7] *Ibid*.

[8] 42 U.S.C. § 12182(b)(2)(A)(iv)

[9] 42 U.S.C. § 12188(a)

Opposition to Motion to Dismiss                    2:19-cv-06605-MWF-E

| Element | Fact Alleged |
|---|---|
| 1. Disability | "Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He suffers from a C-4 spinal cord injury and uses a wheelchair for mobility."<br>• (Complaint, p. ¶ 1). |
| 2. Place of Public Accommodation | "Tesla is a facility open to the public, a place of public accommodation, and a business establishment."<br>• (Complaint, ¶ 9). |
| 3. Responsible Parties | "Defendant Tesla Motors, Inc. owned Tesla located at or about 14006 Riverside Drive, Sherman Oaks, California, in July 2019.<br><br>Defendant Tesla Motors, Inc. owns Tesla located at or about 14006 Riverside Drive, Sherman Oaks, California, currently."<br>• (Complaint, ¶¶ 2-3). |
| 4. Plaintiff's Encounter with Barriers. | "Plaintiff went to Tesla in July 2019 with the intention to avail himself of its goods and services, motivated in part to determine if the defendants comply with the disability access laws.<br><br>Service counters are one of the facilities, privileges, and advantages offered by Defendants to patrons of Tesla. |

Opposition to Motion to Dismiss                    2:19-cv-06605-MWF-E

| | |
|---|---|
| | Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible service counters.<br><br>Currently, the defendants fail to provide accessible service counters.<br><br>Plaintiff personally encountered this barrier.<br><br>The failure to provide accessible facilities created difficulty and discomfort for the Plaintiff."<br><br>• (Complaint, ¶¶ 8, 10-13, 15) |
| 5. The Barriers are Readily Achievable to Remove | "The barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable."<br><br>• (Complaint, ¶¶ 17) |
| 6. Plaintiff is deterred from returning. | "Plaintiff will return to Tesla to avail himself of its cars and to determine compliance with the disability access laws once it is represented to him that Tesla and its facilities are accessible. Plaintiff is currently deterred |

7

|  | from doing so because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site. If the barriers are not removed, the plaintiff will face unlawful and discriminatory barriers again." |
|  | • (Complaint ¶ 18) |

Each of the required factual allegations have been made. It is a straightforward ADA case.

### III. Defendant demands a level of specificity and detail in the Complaint that is not required.

As outlined in the table above, the complaint provides a short and plain statement of facts regarding each element in an ADA claim and gives the defense fair notice. No one reading the complaint would fail to understand that this was a case claiming that the defendants own and operate a car dealership where the service counters are being challenged as inaccessible.

This Court ruled that Plaintiff's complaint lacked sufficient "notice as to *which* barrier Plaintiff encountered" and "*how* that barrier prohibited Plaintiff from lawful access."[10] Defendant further argued in its motion that Plaintiff "did not state how the counter was configured, how that configuration denied him access, how that denial caused him "difficult," or even how the counter failed to comply with a technical specification of applicable disability access guidelines."[11] While these details—along with many more—are all important to the case, they are *not* required in a complaint.

*Skaff* is an en banc decision of the Ninth Circuit and sets the standard for the level of specificity that must be found in an ADA-barrier complaint to

---

[10] Order re: Motion to Dismiss Complaint, Dkt. 23.
[11] Second Motion to Dismiss, Dkt. 24, page 2 line 8-11.

Opposition to Motion to Dismiss                    2:19-cv-06605-MWF-E

provide fair notice under Rule 8.[12] One of the issues on appeal in *Skaff* was whether general allegations that there were "barriers to disabled access, including 'path of travel,' guestroom, bathroom, telephone, elevator and signage barriers" were enough to provide fair notice to the defense about those claims.[13] The dissent in *Skaff* felt that those allegations failed to "allege the existence of specific accessibility barriers with sufficient detail."[14]

But *Skaff* rejected the argument, finding that those general allegations were sufficient to provide fair notice under Rule 8. Citing the Supreme Court, *Skaff* noted that "specific facts are not necessary" and that requiring detailed facts at the pleading stage would "essentially impose a heightened pleading standard upon ADA plaintiffs, even though the Supreme Court has repeatedly instructed us not to impose such heightened standards in the absence of an explicit requirement in a statute or federal rule."[15]

*Skaff* also held that specific details, including what barriers were actually encountered, when they were encountered, where they were specifically located, and how they affected the plaintiff, should be pursued in discovery and, therefore, there "is no sound basis upon which to override our normal . . . notice pleading requirements in a quest for more specificity."[16]

*Skaff* remains the seminal and binding authority for what level of detail is required in an ADA-barrier complaint. Consider, for example, the case of *Griffin v. Cedar Fair, L.P.*, 817 F. Supp. 2d 1152 (N.D. Cal. 2011). In *Griffin*, the plaintiff filed an ADA complaint against the Cedar Fair:

---

[12] *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832 (9th Cir. 2007).
[13] *Id.* at 836.
[14] *Id.* at 841.
[15] *Id.*, at 841, *citing* and *quoting*, *Erickson v. Pardus*, 551 U.S. 89 (2007);
      *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002).
[16] *Skaff*, 506 F.3d at 842.

Opposition to Motion to Dismiss                    2:19-cv-06605-MWF-E

1    Griffin alleges that the facilities in this bathroom are not adequate
2    to allow him, and other similarly disabled people, to have full and
3    equal use under the ADA. The complaint further alleges that the
4    amusement park contains various defects throughout the
5    property which make these sites inaccessible to disabled persons.
6    These other alleged defects include a "lack of proper accessible
7    restrooms, improperly high food court counters, and improper
8    paths of travel." Griffin further alleges that other barriers include
9    "inaccessible entrance, narrow paths of travel, steep paths of
10   travel without signage indicating accessible routes, lack of proper
11   restaurant seating, and multiple inaccessible features in the men's
12   restrooms." Griffin also complains of inadequate "parking
13   facilities, food court facilities, directional signage, service
14   counters, and paths of travel."[17]

15

16   Because the allegations about the barriers did not provide specific
17   locations and were little more than "generalities regarding different facilities on
18   the property," the defendant brought a motion for more definite statement and
19   challenged "the sufficiency of the complaint pursuant to Fed. R. Civ. P.
20   8(a)(2)."[18] The *Griffin* court denied the defense motion and found that the
21   complaint sufficiently provided fair notice under Rule 8:

22

23   Although specifics are not included in the complaint, it does put
24   Cedar Fair on notice with regard to the allegedly defective
25   features at issue. It is well settled that "specific facts are not
26   necessary" because that would "essentially impose a heightened

27   _____

28   [17] *Griffin*, 817 F. Supp. 2d at 1154.
     [18] *Griffin,* 817 F. Supp. 2d at 1154 & 1156.

Opposition to Motion to Dismiss                    2:19-cv-06605-MWF-E

1  pleading standard upon ADA plaintiffs." "Concerns about
2  specificity in a complaint are normally handled by the array of
3  discovery devices available to the defendant." The notice
4  requirement of Rule 8 is only a "minimal hurdle" that does not
5  require specific details.[19]

6

7  And while the plaintiff could cite to the specific ADA Standards and
8  section of the Code of Regulations relied upon, it is not required. A plaintiff
9  does not have to identify "statutes or legal theories" in the pleadings.[20] And
10  while the plaintiff could provide evidentiary-level details about the barriers, not
11  only is it *not required* in the complaint, it is actually a foolish pleading move for
12  anyone interested in ensuring that all the barriers get removed. The recently
13  developed *Sharp-Hernandez* line of authority explains this.
14  In *Sharp*, the court cited extensively to *Skaff* and noted that *Skaff*
15  remains the law of the land with respect to the amount of detail that must be in
16  a complaint and that "generally pled accessibility barriers in the complaint [are]
17  sufficient to give plaintiff standing" and "specific fact are not necessary" and
18  there is no "heightened-pleading standard" for ADA plaintiff."[21] Having said
19  that, the *Sharp* courted noted that an ADA plaintiff is not precluded from
20  providing more detail and there are consequences if they do. "Unlike the more
21  general barrier allegations in *Skaff*, the *Oliver* plaintiff's allegations identified . . .
22  specific barriers."[22] These are "very different pleading approaches by the
23
24
25
26  ──────────
[19] *Griffin,* 817 F. Supp. 2d at 1158.
[20] *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008).
27  [21] *Sharp v. Islands California Arizona LP*, 900 F. Supp. 2d 1101, 1106 (S.D. Cal. 2012).
28  [22] *Sharp*, 900 F. Supp. 2d 1101, at 1106

Opposition to Motion to Dismiss                    2:19-cv-06605-MWF-E

1  plaintiffs. While the *Skaff* plaintiff pled the alleged accessibility barriers very

2  generally, the *Oliver* plaintiff pled a detailed, comprehensive list of barriers."[23]

3         The *Sharp* court noted that when you plead generally—as the *Skaff*

4  plaintiff did and as the plaintiff in the current case has—it "notifies defendant

5  that discovery is needed to determine the exact barriers . . . In this way, ADA

6  cases are no different than other cases where discovery is needed to determine

7  all of plaintiff's theories supporting the causes of action pled in the

8  complaint."[24] On the other hand, when you plead details about the barrier, it

9  leaves "little doubt about what [is] wrong with the facility" and, therefore, "This

10 level of specificity necessarily precludes a plaintiff from later alleging another

11 defect with respect to" those barriers.[25] In other words, if a plaintiff alleges that

12 parking is inaccessible, he can ensure that all deficiencies with respect to the

13 parking are remedied. If a plaintiff alleges that the parking was non-compliant

14 because the access aisle was too narrow, he does not have standing to ensure

15 that unlawful slopes are removed if a site inspection reveals this to be a

16 problem.

17        In *Hernandez*, the plaintiff was a wheelchair user who sued a gas station

18 under the ADA for failure to provide accessible facilities.[26] Following an expert

19 site inspection, the plaintiff filed a First Amended Complaint identifying 40

20 barriers at the gas station.[27] The defendants undertook a massive remediation

21 and removed 37 of those barriers. The parties filed cross-motions for summary

22 judgment.[28]

23 _____

24 [23] *Id.* at 1107.

25 [24] *Ibid.*

   [25] *Ibid.*

26 [26] *Hernandez v. Polanco Enterprises, Inc.*, 19 F. Supp. 3d 918, 922 (N.D. Cal.

27      2013).

28 [27] *Hernandez*, 19 F. Supp. 3d 918, at 922.

   [28] *Ibid.*

There were four alleged barriers that remained relevant and one of the issues the court had to resolve was whether those four barriers were sufficiently identified in the complaint.[29] The *Hernandez* court noted that "While *Oliver* clearly states that the operative complaint must identify all barriers for which relief is sought, how much specificity is required when alleging those barriers is less clear."[30] The *Hernandez* court noted that a "district court opinion, *Sharp*, reconciled the holdings of *Oliver* and *Skaff* by identifying two different pleading approaches, both of which may satisfy Rule 8."[31] One approach, "apparently endorsed by *Skaff*, is to identify a specific area where barriers exist, for example, a bedroom."[32] This then places the defendant on notice that "discovery is needed to determine the exact barriers in the area."[33] The other approach, "apparently endorsed in *Oliver*," is where a plaintiff identifies "each barrier presented by an architectural feature with enough specificity to preclude the plaintiff from later alleging a different barrier stemming from the same feature." The *Hernandez* court found *Sharp*'s reasoning persuasive and adopted it.[34]

In any event, the details sought by the defendant in this case, i.e., specifics of when, what, where, and how are not necessary in the complaint. As one court noted:

> Defendants contend that the complaint is inadequate because it
> does not cite the date and time of the visit, the intended purpose
> of the visit, detail how White physically tried to access the facility
> and describe each barrier she encountered. Defendants do not

---

[29] *Ibid.*

[30] *Id.* at 927.

[31] *Ibid.* (internal cites and quotes omitted).

[32] *Ibid.*

[33] *Ibid.* (internal cites and quotes omitted).

[34] *Ibid.*

cite any authority that holds that such a level of detail is required under the federal pleading standards. Indeed, "a short and plain statement of the claim showing that the pleader is entitled to relief" is all that White is required to include in her complaint.[35]

As the Ninth Circuit has repeatedly held, a plaintiff does not have to demonstrate, prove or establish a case in the pleadings. A plaintiff "is *not required to demonstrate anything* in order to survive a Rule 12(b)(6) motion to dismiss. Rather, it only needs to allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[36]  That is because "where the claim is plausible—meaning something more than 'a sheer possibility,' but less than a probability—the plaintiff's *failure to prove the case on the pleadings* does not warrant dismissal."[37] Once "sufficient factual matter, accepted as true" has been alleged to state a plausible claim, the complaint is sufficient because "the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in detail the facts upon which he bases his claim.'"[38]

Plaintiff therefore respectfully requests this Court deny Defendants motion and find Plaintiff's Complaint sufficient pled.

---

[35] *White v. Save Mart Supermarkets*, 2004 WL 3619128, *1 (E.D. Cal. Apr. 26, 2004).

[36] *Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 721 (9th Cir. 2011) (emphasis added) (internal cites omitted).

[37] *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012) (emphasis added).

[38] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

14

**IV. There is no basis for the court to decline supplemental jurisdiction over the Unruh claim.**

Under 28 U.S.C. § 1367(a) ("section 1367"), where a district court has original jurisdiction over a claim, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."[39] In addition, "economy, convenience, fairness and comity" are to be considered in an analysis of supplemental jurisdiction.[40]

The exercise of supplemental jurisdiction is usually mandatory, unless the exercise of jurisdiction is prohibited by section 1367(b) or falls under one of the exceptions set forth in section 1367(c). "[U]nless a court properly invokes a section 1367(c) category exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction *must be asserted*."[41] Under section 1367(c), a court may decline to exercise supplemental jurisdiction over a related state claim only if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."[42]

---

[39] *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855-56 (9th Cir. 2004)
[40] *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997)
[41] *Executive Software N. Am., Inc. v. U.S. Dist. Court for the N. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994), overruled on other grounds, *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1093 (9th Cir. 2008).
[42] *Id.*, citing 28 U.S.C. § 1367(c).

1    In the present case, the defendant argues that the Unruh Civil Rights Act

2    claim should be dismissed because Plaintiff is forum shopping to evade state law

3    amendments. This argument cannot withstand scrutiny.

4

5    **A.     Plaintiff is not forum shopping (and it would not be**

6    **inappropriate if he were) and there is no legitimate basis to**

7    **decline supplemental jurisdiction**

8    The defendant provides a discussion about why he believes California's

9    procedural requirements for high-frequency litigants are better suited for Mr.

10   Whitaker, and that plaintiff or plaintiff's counsel have fled from state court to

11   federal court to avoid California pleading requirements. This is unsupportable.

12   First, Plaintiff has filed almost exclusively in federal court. Second,

13   plaintiff's counsel has filed the overwhelming majority of its ADA/Unruh cases

14   in federal court over the last 20 years. There has been no shift from state court

15   to federal court in an attempt to avoid any rules of civil procedure in that forum,

16   although there would be nothing wrong in doing so.

17   When a party has a legitimate basis for federal jurisdiction, "his motive

18   in preferring a Federal tribunal is immaterial."[43] In fact, "the cases are

19   numerous in which it has been decided that the motives of litigants in seeking

20   Federal jurisdiction are immaterial."[44] Thus, "[w]e need not concern ourselves

21   with why these parties prefer to be in federal court so long as there is a

22   legitimate basis for jurisdiction."[45] And, even if a court wanted to concern itself

23

24   _____

25   [43] *City of Chicago v. Mills*, 204 U.S. 321, 330, 27 S. Ct. 286, 289, 51 L. Ed. 504

26   (1907).

     [44] *Wheeler v. City & Cty. of Denver*, 229 U.S. 342, 351, 33 S. Ct. 842, 844, 57 L.

27   Ed. 1219 (1913).

28   [45] *In re Aircrash Disaster Near Roselawn, Indiana on October 31, 1994*, 909 F.

     Supp. 1083, 1090 (N.D. Ill. 1995), *aff'd and remanded sub nom. In re Air*

16

with the motives of a plaintiff in choosing the federal forum, that would not
matter either. Even if the "motives" of a plaintiff in choosing a federal forum
was to avoid state court procedural rules, this is irrelevant and immaterial. As
the Supreme Court noted, there is nothing improper with "the litigation strategy
of countless plaintiffs who seek a forum with favorable substantive or
procedural rules or sympathetic local populations."[46] As one court succinctly
explained:

> Finally, Defendant argues under the catchall subsection (c)(4)
> that Plaintiff is forum shopping to avoid the procedural hurdles
> under state law, and that this creates "exceptional circumstances"
> and "compelling reasons for declining jurisdiction." 28 U.S.C. §
> 1367(c)(4). "Declining jurisdiction outside the subsection (c)(1)–
> (3) should be the exception, rather than the rule." *Exec. Software*,
> 24 F.3d at 1558. This would occur "only if the circumstances are
> quite unusual." *Id*. That procedure in state court differs from
> procedure in federal court, and that the plaintiff may select the
> forum based on her preference is not an unusual circumstance. It
> has long been decided that federal procedural rules govern in
> federal court regardless of their effect on state substantive rights.
> See *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S.
> 393, 409-10, 130 S.Ct. 1431, 176 L.Ed.2d 311 (2010)
> (discussing *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14
> L.Ed.2d 8 (1965), among other authorities).
> Furthermore, the plaintiff is "the master of the claim," and by
> pleading can either subject him– or herself to, or avoid, federal

*Crash Disaster Near Roselawn, Ind. on Oct. 31, 1994*, 96 F.3d 932 (7th
Cir. 1996).

[46] *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 778–79 (1984).

Opposition to Motion to Dismiss                    2:19-cv-06605-MWF-E

jurisdiction. *See*, e.g., *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); see also cases cited therein. Even if the Court were to conclude that this case presents exceptional circumstances and compelling reasons, it would also have to conclude that dismissal would best "accommodate the values of economy, convenience, fairness, and comity." *Exec. Software*, 24 F.3d at 1557 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)); see also Exec. Software, 24 F.3d at 1558. For the reasons stated above, dismissing state law claims would not accommodate any of those values.[47]

In summary, a history of bringing meritorious ADA claims cannot and should not be used to diminish rights or as a basis for arguing that the court lacks jurisdiction.

## V.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court deny Defendant's second motion to dismiss and retain supplemental jurisdiction over Plaintiff's Unruh claims.

Dated: November 25, 2019              CENTER FOR DISABILITY ACCESS


                                      By: ___/s/ Elliott Montgomery___
                                      ELLIOTT MONTGOMERY
                                      Attorneys for Plaintiff

---

[47] *White v. Wisco Restaurants, Inc.*, 2018 WL 1510611, at *4 (S.D. Cal. Mar. 27, 2018).